## JOHN W. COFFEY *v*. GEO. T. RANNEY.

[Abstract Kentucky Law Reporter, Vol. 6—366.]

**Absolute Deed as a Mortgage.**

Where land is conveyed absolutely and the grantee agrees to reconvey on the grantors paying a certain sum of money the transaction amounts to a mortgage only and where such grantor fails to pay such sum but retains possession will not give the grantee the right to possession but gives him only the right to foreclose his mortgage and subject the land.

APPEAL FROM WAYNE CIRCUIT COURT.

November 25, 1884.

OPINION BY JUDGE PRYOR:

John W. Coffey, the appellant, having executed to one Kendrick a mortgage on his land to secure the payment of a debt, the latter foreclosed the mortgage and at the sale became the purchaser.

Coffey being desirous of redeeming the land induced the appellee, G. T. Ranney, to pay to Kendrick his money and Kendrick transferred to Ranney the benefit of his purchase and a deed was made to Ranney by the Commissioner. The appellant consented in writing to the transfer and also that the conveyance might be made to the appellee. At the same time this transfer was made Ranney made to the appellant a writing reciting that the appellant had authorized him to redeem the land and provided:

"That in the event John W. Coffey shall pay to me within twelve months from the date hereof the sum of $1,656.00 with interest thereon at the rate of 8 per cent. per annum from this date, I agree and bind myself to convey to said Coffey all the lands purchased by said Kendrick as above stated with such warranty of title as I may have under deed of Commissioner of the Wayne Circuit Court. This 12th day of February, 1881. (Signed) G. T. Ranney." ·

The appellant Coffey failed to pay the money and Ranney instituted his action at law for the recovery of the land. The appellant had never surrendered the possession either to Kendrick or to the appellee, and as a defense to the recovery alleged the redemption or purchase by appellee for his benefit; that he held the land in trust and advanced the money holding it as security for its payment. He offered to redeem the land and alleged his readiness and ability to do so. The court below sustained a demurrer to the answer and the appellant making no further defense a judgment was rendered for the appellee. The answer presented a defense to the action and the appellant should have been permitted to redeem the land. The appellant was seeking aid to enable him to pay off the debt for which his land had been sold and agreed to pay the appellee 8 per cent. on his money, and that he might hold the land as security for its repayment. ·

If the appellant had conveyed the land to the appellee with the clause containing the right to redeem as is set forth in the writing filed in this case, it would have been regarded as a mortgage only for the security of the debt. The fact that he consented that the Commissioner might make the deed can give no other effect to the writings entered into between the parties. The appellant · retained the possession of the land and agreed to pay eight per cent. interest on the money and the fact that he failed to pay at the

time agreed upon only gave to the appellee the right to subject the land. The general doctrine is that where land is conveyed absolutely and the grantee agrees to reconvey on the grantors paying a certain sum of money, the transaction amounts to a mortgage only. It is true the appellant's land had been sold but the title had not been perfected, but on the contrary Kendrick had given him the right to redeem and appellant still held the possession, obtaining the money from the appellee with which to relieve his land from the effects of the sale. It was a borrowing on the part of the appellant and a loan by the appellee. The money was paid and a deed made by the Commissioner to the appellee instead of being made by the appellant and this can make no difference in determining the equitable rights of the appellee. The case of *Edrington v. Harper,* 3 J. J. Marshall, 353, reviews the doctrine involved in this case and is conclusive of the question made. The appellee held the land as security for the debt and the answer constituted a valid defense.

Judgment *reversed* and cause remanded with directions to overrule the demurrer and for proceedings consistent with this opinion.

*J. S. Vanwinkle, for appellant.*

*M. C. Saufley, for appellee.*